

**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

Ashley R. Cadotte
Assistant U.S. Attorney
Ashley.Cadotte@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott Erik Asphaug,
United States Attorney

FILED09 JUN '22 16:44USDC-ORE

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

May 26, 2022

Irina Hughes
Federal Public Defender's Office
859 Willamette St., Ste. 200
Eugene, OR 97401

    Re:    *United States v. Andrew Thomas Tager*, Case No. 6:22-cr-00200-AA-1
           Plea Agreement Letter

Dear Counsel:

1.     **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.     **Charges**: Defendant agrees to plead guilty to Count One of the Information, which charges the production of child pornography (sexual exploitation of children) in violation of Title 18, United States Code, Section 2251(a) and (e).

3.     **Penalties**: The maximum sentence is 30 years' imprisonment, a mandatory minimum sentence of 15 years' imprisonment, a fine of $250,000, a term of supervised release for a minimum of five years and up to life, a $5000 special assessment fee under 18 U.S.C. § 3014, and a $100 fee assessment under 18 U.S.C. § 3013. Defendant will also be required to register as a sex offender as discussed in Paragraph 4, below. In addition, defendant is liable for mandatory restitution pursuant to 18 U.S.C. § 2259, and his assets described in Paragraph 16 are subject to forfeiture under 18 U.S.C. § 2253. Defendant agrees to pay the $100 fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

Ms. Irina Hughes
Re: Tager Plea Agreement Letter
Page 2
May 26, 2022

4. **Sex Offender Registration**: Defendant understands that under the federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in any state in which he resides, is employed, or is a student. Defendant understands that he must update his registration not later that three (3) business days following any change of name, residence, employment, or student status. Defendant further understand that failure to comply with these obligations may subject him to prosecution under federal and/or state law for failing to register as a sex offender.

5. **Dismissal/No Prosecution**: The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

6. **Elements and Factual Basis**: If this case proceeded to trial, the government would be required to prove the following elements beyond a reasonable doubt, for each count:

>   First, that on or about May 15, 2018 through August 30, 2018, defendant knowingly employed, used, persuaded, induced, enticed, or coerced a minor (MV1) to engage in sexually explicit conduct as that term is defined in 18 U.S.C. § 2256;
>
>   Second, that the defendant did so for the purpose of producing a visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct; and
>
>   Third, that the defendant knew or had reason to know that the depiction would be, or that it actually was, transported or transmitted using any means of facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce.

Defendant admits the elements of the offense alleged in the Information and further admits that the USAO could prove the following facts at trial:

On or about May 15, 2018, defendant began communicating with a minor female, MV1, age ten, over an internet application known as Musical.ly. Communicating over Kik Messenger defendant contacted MV1 and directed her to produce and send him pornographic pictures and videos through Kik Messenger. Many of the instructions to MV1 were made while defendant was posing as an employee of Musical.ly and included explicit direction on how MV1 should pose and move, what she should wear, what props she should use, and how long the videos needed to be. Defendant told MV1 to participate in a fictional "Crown Program" and told her that, by sending the pictures and videos, she could earn a "Crown". He later told MV1 that if she quit the program, her videos would be released and people could go and subscribe to view her gallery of photos and videos. At all material times, MV1 was located in Oregon.

Ms. Irina Hughes
Re: Tager Plea Agreement Letter
Page 3
May 26, 2022

7.   **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).  Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

8.   **Relevant Conduct**:  The parties agree that defendant's relevant conduct pursuant to USSG §§ 1B1.3 and 2G2.1 should result in the following adjusted offense level:

| | | |
|---|---|---|
| Base Offense Level [§ 2G2.1(a)] | -- | 32 |
| Victims Under Age 12 [§ 2G2.1(b)(1)(A)] | -- | +4 |
| Sex Acts [§ 2G2.1(b)(2)(A)] | -- | +2 |
| Misrepresentation of ID to induce minors [§ 2G2.1(b)(6)] | -- | +2 |
| Adjusted Offense Level | | 40 |
| Acceptance of Responsibility, if applicable (see Para. 9 below) | | -3 |
| **TOTAL (prior to any variance/departure)** | | 37 |
| Recommended Variance/Departures pursuant to §3553 | | -1 |
| **FINAL ADJUSTED OFFENSE LEVEL** | | **36** |

9.   **Acceptance of Responsibility**:  Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case.  If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level.  The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

10.   **JOINT Sentencing Recommendation**:  If defendant agrees to resolve his case prior to the June 3, 2022 deadline, and so long as defendant demonstrates an acceptance of responsibility as described above the parties will recommend as a reasonable sentence under the factors listed in 18 U.S.C. Section 3553(a), **a sentence of 195 months' imprisonment** to be followed by fifteen years of supervised release.

Ms. Irina Hughes
Re: Tager Plea Agreement Letter
Page 4
May 26, 2022

11. **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of the advisory range, except as specified in this agreement. Defendant agrees not to seek any downward departures, adjustments or variances from the 195-month joint sentencing recommendation.

12. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K other than the adjustments/departures listed in Paragraph 8 above, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of defendant's conviction(s) under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

13. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

Ms. Irina Hughes
Re: Tager Plea Agreement Letter
Page 5
May 26, 2022

16. **Restitution**: Pursuant to 18 U.S.C. § 2259, the Court shall order restitution to each victim in the full amount of each victim's losses, as determined by the Court.

    A.    Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due and payable. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

    Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO immediately of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

    B.    **Financial Disclosure Statement:** Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

    Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

Ms. Irina Hughes
Re: Tager Plea Agreement Letter
Page 6
May 26, 2022

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

**C.** **Transfer of Assets:** Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

17. **Forfeiture Terms**

**A.** **Assets and Authority**:  By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. § 2253, including the following digital devices which defendant admits were used to facilitate defendant's criminal activity in violation of 18 U.S.C. § 2251 as set forth in Count One of the Information**:** a White Apple iPhone 5s, model A1453, IHEI 352029066888465, and a Silver Apple iPhone 6 Plus, model A1524, unknown serial number, with a broken screen.

**B.** **Agreement to Civil Forfeiture**:  Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which has been or may be initiated.  Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

**C.** **No Alteration or Satisfaction**:  Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets.  Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure.  Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

**D.** **Assets Not Identified**:  The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

Ms. Irina Hughes
Re: Tager Plea Agreement Letter
Page 7
May 26, 2022

      E.    **Final Order of Forfeiture**:  Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

18.    **Use of Plea-Related Statements**:  Except under circumstances where the Court, acting on its own, fails to accept this agreement, defendant agrees that, upon defendant's signing of this agreement, the facts that defendant has admitted under this plea agreement as set forth above, as well as any facts to which defendant admits in open court at defendant's plea hearing, shall be admissible against defendant under Fed. R. Evid. 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and defendant expressly waives defendant's rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 with regard to the facts defendant admits in conjunction with this plea agreement.

//

//

//

//

//

//

//

//

//

Ms. Irina Hughes
Re: Tager Plea Agreement Letter
Page 8
May 26, 2022

19.     **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.  If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.  **This plea offer expires if not accepted by June 3, 2022, at 5:00 p.m.**

          Sincerely,

          SCOTT ERIK ASPHAUG
          United States Attorney

          */s/ Ashley R. Cadotte*
          ASHLEY R. CADOTTE
          Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney.  I understand and voluntarily agree to its terms.  I expressly waive my rights to appeal as outlined in this agreement.  I wish to plead guilty because, in fact, I am guilty.

06/03/2022                       *Irina Hughes* for
Date                                    ANDREW THOMAS TAGER, Defendant

     I represent the defendant as legal counsel.  I have carefully reviewed every part of this agreement with defendant.  To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

06/03/2022                       *Irina Hughes*
Date                                    IRINA HUGHES, Attorney for Defendant